```
            FILED      ___ LODGED
        ___ RECEIVED   ___ COPY

            AUG 2 6 2004

        CLERK U S DISTRICT COURT
          DISTRICT OF ARIZONA
        BY                   DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

YP.NET, Inc.,                    )    No. 03-CV-2414-PHX-FJM
                                 )
            Plaintiff,           )    **ORDER**
                                 )
vs.                              )
                                 )
                                 )
MERRILL LYNCH & CO., et al.,     )
                                 )
            Defendants.          )
                                 )
                                 )
_____)

    Before the court are Defendants' motion for summary
judgment (doc. 17), Plaintiff's combined response and cross-
motion for summary judgment (doc. 34), Defendants' combined
response and reply, and Plaintiff's reply.

    Plaintiff ("YP") filed this action in December, 2003. It
seeks a declaration that would enforce a judgment in the
Superior Court of Arizona in Maricopa County against
Defendants ("Merrill Lynch"). The Superior Court entered
default judgment against a non-party ("Anderson"). It awarded
YP 250,000 shares of YP.Net stock, represented by certificate
no. 2706. Using that judgment, YP placed a "stop" on
certificate no. 2706, making it non-transferable and non-
negotiable. As a result, Merrill Lynch was charged for the

40

250,000 shares of stock. Merrill Lynch filed a counterclaim seeking a declaration that YP does not have a legal right to the 250,000 shares and may not place a stop on certificate no. 2706.

In March, 2004, Merrill Lynch moved for summary judgment, arguing that under Arizona's securities laws neither it, nor YP, nor Anderson had a claim to the shares or certificate. We granted YP's motion to continue consideration of Merrill Lynch's motion for summary judgment under Rule 56(f). YP then filed a response and cross-motion for summary judgment which rely solely on the doctrine of res judicata.

YP argues that a judgment in the Supreme Court of the State of New York bars this action. YP filed this action on November 6, 2003. On November 17, 2003, Merrill Lynch filed an action in New York seeking essentially the same relief it seeks in its counterclaim here. The New York court denied Merrill Lynch's application for relief, stating "[Merrill Lynch] has not cited an applicable statutory basis for the relief requested. Moreover, [Merrill Lynch's] claims appear to be the subject of another action." PSSOF, Ex. F.

The parties agree that New York law governs the res judicata issue. Res judicata requires a final judgment on the merits. *See, e.g.*, *Madden v. Pine Hill-Kingston Bus Corp.*, 732 N.Y.S.2d 459, 461 (N.Y. App. Div. 2001). A decision on the substantive issue before us, whether the Arizona Superior Court's judgment binds Merrill Lynch, was not litigated in New York. The New York court based its decision on procedural

grounds, and deferred to the action pending here. Because there is no final judgment on the merits, res judicata does not apply. And because the issue presented here was not actually litigated, collateral estoppel does not apply. Thus, we DENY YP's motion for summary judgment.

We turn to Merrill Lynch's motion for summary judgment. In earlier filings, YP argued that there are legal issues which could make the Arizona Superior Court's judgment binding on Merrill Lynch. As we explained in our May 10, 2004 order, that argument is without merit. Merrill Lynch argues that neither it, nor YP, nor Anderson have a claim to the shares or certificate no. 2706. We agree. Our reasoning is spelled out in our May 10, 2004 order, and summarized below.

When Anderson deposited 250,000 shares of YP.Net stock at Merrill Lynch, she gained a security entitlement. Non-party entities, under regular business procedures, issued certificate no. 2706 in the name of CEDE & Co. The same entities cancelled the certificate which had represented the shares, no. 2695. Neither Anderson nor Merrill Lynch had a legal interest in either certificate. Anderson then disposed of her shares, which ended her security entitlement.

All of this occurred before YP filed the Arizona Superior Court action against Anderson. At the time the Superior Court entered a default judgment, neither Anderson nor Merrill Lynch had a legally recognized interest in the YP.Net shares or certificate no. 2706. Thus, the judgment could not give YP a right to the shares or certificate.

It follows that YP does not have a right superior to Merrill Lynch in the 250,000 YP.Net shares or certificate no. 2706. It also follows that YP cannot place a stop on certificate no. 2706. Therefore, we GRANT Merrill Lynch's motion for summary judgment, as to both YP's action against it, and Merrill Lynch's counterclaim against YP.

Accordingly,

**IT IS ORDERED GRANTING** Defendants' motion for summary judgment (doc. 17).

**IT IS FURTHER ORDERED DECLARING** that YP.Net has no legally enforceable rights against YP.Net stock certificate no. 2706 or the 250,000 YP.Net shares.

**IT IS FURTHER ORDERED DECLARING** that YP.Net cannot maintain a stop on certificate no. 2706 to the detriment of Merrill Lynch.

**IT IS FURTHER ORDERED DENYING** Plaintiff's cross-motion for summary judgment (doc. 34).


DATED this _25_ day of August, 2004.

Frederick J. Martone
United States District Judge